IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3181 |
| | ) | |
| v. | ) | |
| | ) | |
| ROSEMARY HERNANDEZ-AVALOS, | ) | TENTATIVE FINDINGS REGARDING |
| | ) | PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT, REVISED JULY 16, 2007 |
| | ) | |

The sentencing statement of the United States says that, "the government has no objection to the factual statements in the Revised Presentence Investigation Report prepared in this case, but does not agree with all the opinions expressed by the Probation Office. . . ."  I cannot be certain what the United States means by not agreeing with "all the opinions expressed by the Probation Office."  I suspect that it means the probation officer's response to the defendant's objection to the criminal history assessment appearing in the Addendum to the Presentence Investigation Report, as revised July 16, 2007, as follows:

### By the Defendant

The defendant and her attorney submitted the following objection: "Defendant objects to paragraphs 36 and 37 assessing her with two criminal history points for offenses under advisory guideline section 4A1.1(c) for the reason that the offenses reported, while possible (sic) correctly calculated, result in an overstatement of Defendant's criminal history.  See Section 4A1.3(b)(1)."

### Probation Officer's Response

This officer would concur with the defendant, and believes the criminal history, though correctly calculated, does overrepresent Ms. Avalos-Hernandez's criminal history. This officer states such in the presentence report previously submitted to counsel. However, the matter is again addressed in this addendum due to the objection listed above.

The section of the Sentencing Guidelines cited by the defendant's counsel is 4A1.3(b)(1), which states:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the

      likelihood that the defendant will commit other crimes, a downward departure may be warranted.

      I have some difficulty in resolving this with only the information I have before me.  The difference between a category I and category II of criminal history, where the defendant has an offense level of 25, is a six- or seven-month spread in the sentence, so I want not to ignore the uncertainty.

      What I note is that, while her recent criminal history that shows only two sentences for Compulsory Education-Attendance Required may not be serious enough standing alone to warrant a category II criminal history, the convictions set out in paragraph 38, even though not calling for points, may have some significance that makes a category II criminal history appropriate when considering the likelihood of the defendant's committing other crimes in the future.  I look particularly at two convictions of speeding, two operating a vehicle without liability insurance, six drivings under suspension, one failure to use a child passenger restraint and two failures to appear and one failure to have an operator's license.  The sheer number of those convictions raises the question of the defendant's regard for the law and willingness to change.  If there is what Section 4A1.3(b)(1) calls "reliable information" that the defendant's criminal history category substantially over-represents the seriousness of her criminal history or the likelihood that she will commit other crimes,  I should prefer to have that before me when I make a decision about it.

      Sentencing has been scheduled for August 15, 2007, at 12:15 p.m.  If the defendant has evidence to clarify or support her position regarding the criminal history category, she may do so at the sentencing hearing after complying with paragraph 6(d) of the Order on Sentencing Schedule by August 8, and the United States shall have time for rebuttal as well at the sentencing hearing.

Aside from the concern about the applicable criminal history category, I find that the remainder of the Presentence Investigation Report, as revised July 16, 2007, is true and accurate.

Dated July 25, 2007.

>BY THE COURT
>
>s/ Warren K. Urbom
>United States Senior District Judge